IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| KATRINA L. LE BLANC | : | BANKRUPTCY NO. 24-13655 (AMC) |
| | : | |
| Debtor | : | |
| | : | |

**OBJECTION OF LYNN E. FELDMAN, CHAPTER 7 TRUSTEE,
TO DEBTOR'S MOTION TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 13**

Lynn E. Feldman, Chapter 7 Trustee (the "Trustee") for the estate of Katrina L. Le Blanc (the "Debtor"), by and through her proposed counsel, Karalis PC, hereby objects (the "Objection") to the Debtor's Motion to Convert Case from Chapter 7 to Chapter 13 (the "Motion"), and in support thereof, respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory basis for the relief requested in the Motion is 11 U.S.C. § 706(a).

## BACKGROUND

**A.    Procedural Background.**

3. On October 11, 2024 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

4. On October 15, 2024, the Trustee was appointed which appointment remains in effect.

**B.    The Inheritance.**

5. Shortly after the Petition Date, the Debtor's mother unfortunately passed away.

6. Upon information and belief, the Debtor's mother owned real property with

significant equity (the "Real Property").

7. Upon information and belief, the Debtor is a beneficiary of her mother's decedent's estate and expects to receive an inheritance (the "Inheritance").

8. The Inheritance is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a)(5).

9. The Debtor has yet to disclose the Inheritance in her Bankruptcy Schedules.

**C.    The Debtor's Unsecured Debt Obligations.**

10. The Debtor's unsecured obligations are in the aggregate amount of $212,209.45. The Debtor's Schedule E/F: Creditors Who Have Unsecured Claims is attached hereto as Exhibit "1" and made a part hereof.

**D.    The Debtor's Monthly Income and Expenses.**

11. The Debtor's Schedule I: Your Income and Schedule J: Your Expenses reflect net monthly income in the amount of $4,651.67 and monthly expenses in the amount of $4,623.49. The Schedule I: Your Income and Schedule J: Your Expenses are attached hereto as Exhibits "2" and "3", respectively, and made a part hereof.

12. As such, the Debtor has net monthly income in the amount of $28.18.

**E.    The Motion filed by the Debtor.**

13. On January 15, 2025, the Debtor filed the Motion [D.I. 11].

14. The Motion states, *inter alia*, as follows:

 (1) On October 11, 2024, the above-named Debtor(s) filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

 (2) That due to post-filing changes to Debtor's income and/or assets, Debtor believes it is in her best interest, and the interest of the bankruptcy estate, to convert to a case under Chapter 13 of the Bankruptcy Code.

 (3) This case has not been previously converted under 11 U.S.C. § 1112, § 1208, or § 1307.

*See*, Motion.

15. The Trustee's Declaration in Opposition to the Motion is attached hereto as Exhibit "4" and made a part hereof.

### OBJECTION

16. The Trustee respectfully seeks the entry of an Order denying the Motion.

**I.      Standard for Conversion from Chapter 7 to Chapter 13 under 11 U.S.C. § 706(a).**

17. There is no absolute right to convert a bankruptcy proceeding from Chapter 7 to Chapter 13 under 11 U.S.C. § 706(a). *See, Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007).

18. Section 706(a) of the Bankruptcy Code provides that a "debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." *See*, 11 U.S.C. § 706(a).

19. Controlling case law instructs that Section 706(a) cannot be read on its own and must be read in conjunction with Section 706(d). *See, Marrama*, 127 S. Ct. at 1110.

20. Section 706(d) of the Bankruptcy Code states: "Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title ***unless the debtor may be a debtor under such chapter.***" *See*, 11 U.S.C. § 706(d) ***(emphasis added)***.

21. As such, 11 U.S.C. § 706(d) conditions a debtor's right to convert on his or her ability to qualify as "a debtor" under Chapter 13. *See, Marrama*, 127 S. Ct. at 1110.

22. A good faith analysis must be performed to determine whether or not to convert a bankruptcy case from Chapter 7 to Chapter 13. *See, Marrama*, 127 S. Ct. at 1110-1113. *See also, In re Piccoli*, 2007 U.S. Dist. LEXIS 72533, 2007 WL 2822001, *6 (E.D. Pa. 2007).

23. The Third Circuit recognizes that "the good faith inquiry is a fact intensive determination ..." *See, In re Lilley*, 91 F.3d 491, 496 (3d Cir.1996) (*quoting In re Love*, 957 F.2d 1350, 1355 (7th Cir.1992)).

24. In *Marrama*, the Supreme Court declined to articulate exactly what conduct qualifies as bad faith sufficient to permit a bankruptcy judge to dismiss a case or deny conversion from Chapter 7. *See, Marrama*, 127 S. Ct. at 1112 n.11.

25. The Third Circuit has held that a debtor bears the burden of establishing good faith. *See, Integrated Telecom Express, Inc.*, 384 F.3d 108, 114 (3d Cir. 2004). *See also, Piccoli*, 2017 U.S. Dist. LEXIS 72533, at *11.

26. The Third Circuit has recognized that "good faith is a term incapable of precise definition." *See, Lilley*, 91 F.3d at 496.

27. In the Third Circuit, bankruptcy courts reviewing motions to convert under §706(a) generally follow the "totality of the circumstances" analysis for bad faith articulated by the Third Circuit in *In re Lilley*, 91 F.3d 491 (3d Cir. 1996), where the court addressed bad faith warranting dismissal of a chapter 13 case "for cause" under § 1307(c) of the Bankruptcy Code. *See, Piccoli*, 2007 U.S. Dist. LEXIS 72533, at *16-*17 (*citing Pakuris*, 262 B.R. at 335; *In re Porreco*, 333 B.R. 310 (W. D. Pa. 2005)).

28. Applying the *Lilley* totality of the circumstances test to conversion, the *Pakuris* court articulated the considerations as follows:

    (a)    whether the debtor is seeking to convert to chapter 13 in good faith (including a review of facts such as the timing of the motion to convert; the debtor's motive in filing the motion; and whether the debtor has been forthcoming with the bankruptcy court and creditors);

    (b)    whether the debtor can propose a confirmable chapter 13 plan;

4

(c)   the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion;

(d)   the effect of conversion on the efficient administration of the bankruptcy estate; and

(e)   whether conversion would further an abuse of the bankruptcy process.

See, *Pakuris*, 262 B.R. at 335-336. See also, *In re Campbell*, 598 B.R. 775, 778-79 (Bankr. M.D. Pa. 2019).

**II.   Conversion from Chapter 7 to Chapter 13 is not Warranted under the Facts of this Case.**

29.   Applying these strictures to the case at hand, the Debtor's conversion request must be denied.

**(1)   The Debtor is not seeking to Convert to Chapter 13 in Good Faith.**

30.   Upon information and belief, the Debtor does not intend to liquidate the Real Property to pay her creditors.

31.   Instead, the Debtor intends to rent out the Real Property and pay some of her creditors over time.

32.   Essentially, the Debtor does not intend to monetize the Inheritance to pay her creditors.

33.   The Real Property portion of the Inheritance should be immediately liquidated.

34.   The Trustee is in the position to do so.

35.   The Debtor has yet to disclose the Inheritance in her Bankruptcy Schedules.

36.   The Debtor did not mention the Inheritance in the Motion.

**(2)   The Debtor cannot propose a Confirmable Chapter 13 Plan.**

37.   The Debtor has minimal net monthly income in the amount of $28.18. *See*, Exhibits "2" and "3".

38. As set forth herein, upon information and belief, the Debtor does not intend to liquidate the Real Property portion of the Inheritance.

39. Instead, upon information and belief, she intends to rent out the Real Property and pay some of her creditors over time.

40. The Trustee does not believe that the Debtor can propose a Chapter 13 Plan that will comply with 11 U.S.C. § 1325(a)(4).

**(3)    Prejudice to Creditors.**

41. Creditors will be severely prejudiced if the Debtor's conversion request is granted.

42. As set forth herein, the Debtor does not intend to liquidate the Real Property to pay her creditors in full.

43. The best hope for recovery to creditors will come from the immediate liquidation of the Real Property.

44. The Trustee is in a position to provide for a much faster recovery for creditors.

**(4)    The Effect of Conversion on the Administration of the Bankruptcy Estate.**

45. The Trustee can liquidate the Real Property and distribute the money to creditors.

46. Conversion of this case to Chapter 13 would significantly delay the administration of the Debtor's bankruptcy estate to the detriment of the creditors and put them at risk of non-payment.

**(5)    Conversion would be an Abuse of the Bankruptcy Process.**

47. The Debtor has yet to disclose the Inheritance in her Bankruptcy Schedules.

48. The Debtor did not even mention the Inheritance in the Motion.

49. Allowing the Debtor to convert this proceeding would clearly be an abuse of the bankruptcy process.

50. No party in interest would benefit from the Debtor converting her case to Chapter 13.

51. In fact, the entire creditor body will be negatively impacted in the event of conversion.

52. The Trustee is clearly in the best position to liquidate the Real Property for the benefit of the Debtor's bankruptcy estate and creditors.

## CONCLUSION

53. For all of the reasons set forth herein, the Debtor's conversion request must be denied.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) denying the Motion and (b) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Proposed Attorneys for the Trustee*

Dated: January 16, 2025